IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-03206-RBJ-SKC

JOHN CLARK BRIDGES,

        Plaintiff,

v.

C. FERNANDEZ, Lieutenant,
D. BEHLE, Officer,
J. LYNCH, Officer,
JACK FOX, Complex Warden, and
JOHN DOE, ADX Warden,

        Defendants.

---

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS [ECF. #122 & ECF. #123]

---

Magistrate Judge S. Kato Crews

    This matter is before the Court on Defendants Fernandez, Behle, and Lynch's Motion to Dismiss Fourth Amended Complaint [ECF. #122], filed December 29, 2017. Also before the Court is Defendant Fox's Motion to Dismiss Fourth Amended Complaint [ECF. #123], filed December 29, 2017. Pursuant to District Court Judge R. Brooke Jackson's Order Referring Case dated January 4, 2018 [ECF. #126], and the memoranda dated January 4, 2018 [ECF. #127] and August 3, 2018 [ECF. #136], this matter was referred to the Magistrate Judge. The Court has reviewed the Motions and related briefing, and the applicable law. Now being fully informed, the Court RECOMMENDS that Defendants' Motions be GRANTED.

1

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff John Clark Bridges — a *pro se* prisoner in the custody of the Bureau of Prisons at the United States Penitentiary Administrative Maximum ("ADX") — initiated this action by filing a *pro se* prisoner complaint [ECF. #6] asserting deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. On January 26, 2017, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint that stated an arguable claim under the Eighth Amendment. [ECF. #10.] In his amended prisoner complaint [ECF. #11], filed on February 13, 2017, Plaintiff alleged the following, which the Court accepts as true for purposes of the Motions: he was diagnosed with depression and schizophrenia prior to his incarceration. On December 9, 2016, Defendant Fernandez threatened to physically "smash" Plaintiff for allegedly threatening other correctional officers. [*Id.* at p.4.] Defendant Fernandez read Plaintiff' prison file and called him a coward. In response to Plaintiff's inquiries about missing property, Defendant Fernandez stated that he did not know anything about it and then told Plaintiff, "[i]f you can't deal with it, hang yourself," and "do it right this time." [*Id.* at p.5.]

The following day, Defendant Fernandez returned to Mr. Bridges' cell with Defendants Behle and Lynch. While Plaintiff waited to be handcuffed, Defendant Fernandez ordered Defendant Behle to pepper spray Plaintiff. The Defendants then cut off his clothes and walked him backwards down the hall while holding his head next to one of the officer's groin area. Meanwhile, the Defendants laughed, made lewd jokes, and one of the Defendants pinched Plaintiff on the buttocks. [Id. at p.4.] Following observation by a medical provider, Plaintiff was returned to his cell, which had not been

2

sanitized from the pepper spray. Later that day, Defendants Behle and Lynch came by Plaintiff's cell and told Plaintiff to "hang it up!" while making hand motions mimicking a person being hung by a rope.[1] [*Id.* at p.5.]

Thereafter, Senior District Court Judge Lewis T. Babcock reviewed Plaintiff's amended prisoner complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time if the court determines that . . . the actions or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted). [ECF. #17.] Analyzing Plaintiff's claims, Judge Babcock concluded that Plaintiff's allegations that the Defendants held his head near an officer's groin area and then pinched his buttocks failed to state a claim under the Eighth Amendment. [*Id.* at pp.4-6.] Judge Babcock also concluded that Defendant Fernandez's threats to "smash" Plaintiff; the Defendants' taunts encouraging Plaintiff to hang himself; and the Defendants' lewd sexual remarks were not, by themselves, actionable. [*Id.* at pp.6-7.] Instead, Judge Babcock concluded that the threats and taunts were to be construed with Plaintiff's claim that the Defendants used excessive force against him when deploying the pepper spray. Finally, Judge Babcock concluded that Plaintiff had failed to state a claim against Defendant Lynch because the allegations failed to show that Lynch personally participated in the use of pepper spray against Plaintiff. [*Id.* at p.7.] Plaintiff's excessive force claims based on the alleged sexual assault and the verbal taunts were dismissed with prejudice. His claim against Defendant Lynch was dismissed without prejudice. [*Id.* at p.9.]

---

[1] Plaintiff also included allegations regarding confiscation of his legal mail. [ECF. #11 at pp.5-6.] However, this claim was dismissed and Plaintiff has not attempted to reassert it.

Plaintiff was then permitted to amend his complaint twice more. [ECF. #83; ECF. #116.] His fourth, and final, amended complaint ("Fourth Complaint") [ECF. #118], was docketed on October 30, 2017. The core factual allegations remain the same in the Fourth Complaint. [*See id.* at pp.3-12.] Plaintiff asserts six claims for relief. In Claim One, Plaintiff contends Defendants Fernandez and Behle used excessive force in violation of the Eighth Amendment when they sprayed him with pepper spray. [*Id.* at pp.12-14.] Claims Two, Three, and Six arise from Defendants' taunts encouraging Plaintiff to hang himself. Plaintiff contends that in so encouraging him, Defendants are liable for "[d]eliberate indifference to a substantial risk of death." [*Id.* at p.15.] He also argues Defendants failed to protect him, because — after making these taunts — they never returned to check on his well-being. [*Id.* at p.16.] Plaintiff seeks to hold Defendants liable under a theory of "[d]eliberate indifference to inflict severe psychological torment and distress." Specifically, he alleges that because of the taunts, he has suffered psychological distress, which has affected his "sleeping, eating, and daily functions." [*Id.* at p.18.]

In Claim Four, Plaintiff argues that Defendants Behle and Lynch violated the Eighth Amendment when they failed to prevent the pepper spray incident. He asserts that Defendant Behle should have refused to comply with Defendant Fernandez's order, and that Defendant Lynch should have physically intervened to prevent Plaintiff from being pepper sprayed. [*Id.* at pp.16-17.]

Finally, in Claim Five, Plaintiff asserts a claim against Jack Fox in his official capacity as warden for "failure to properly instruct, supervise, control & discipline."[2]

---

[2] Plaintiff also named a John Doe Defendant, who allegedly serves as the warden of ADX. In his Motion, Defendant Fox states that he is the warden of ADX and, therefore, is the

Plaintiff alleges Defendant Fox knew of his employees' misdeeds, but has not taken appropriate steps to control or discipline them. Plaintiff seeks only injunctive relief against Defendant Fox. [*Id.* at p.17.]

Defendants filed their Motions to Dismiss on December 29, 2017. [ECF. #122; ECF. #123.] Plaintiff filed his Response [ECF. #129] on January 8, 2018, which was followed by Defendants' Replies [ECF. #130; ECF. #131] on January 11, 2018. Plaintiff then filed two surreplies. [ECF. #133; ECF. #134.] The filing of surreplies is not contemplated by the Federal Rules of Civil Procedure and is typically not allowed without leave of court. The Court did not request these documents or grant Plaintiff leave to file them; therefore, the Court declines to consider Plaintiff's surreplies. Plaintiff is admonished that he is expected to comply with all applicable procedural rules and Local Rules of Practice notwithstanding that he proceeds *pro se*.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The Court is not,

---

only official capacity defendant. The court also observes that there is no provision in the Federal Rules of Civil Procedure for naming fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for District of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules specifically provide: "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a).

however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, this Court may consider exhibits attached to the Fourth Complaint without converting the Motions to motions for summary judgment pursuant to Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id.* Facts that are "merely consistent" with a defendant's liability are insufficient. *Id.* "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "Nevertheless, the standard remains a liberal one, and 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely.'" *Morgan v. Clements*, No. 12-

cv-00936-REB-KMT, 2013 WL 1130624, at *1 (D. Colo. Mar. 18, 2013) (quoting *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

The Court acknowledges that Plaintiff is not an attorney. Consequently, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall,* 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[I]f the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, the Court cannot act as a *pro se* litigant's advocate. *Id.* It is the responsibility of the *pro se* plaintiff to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998). The Court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting violations that have not been pleaded. *Associated Gen. Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *Pro se* plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## DISCUSSION

**I.     Individual Defendants' Motion to Dismiss [ECF. #122]**

Defendants Fernandez, Behle, and Lynch contend that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42

U.S.C. § 1997e(a).[3] They also argue that even if Plaintiff did exhaust his administrative remedies, the Fourth Complaint should be dismissed for failure to state a claim. [*See generally* ECF. #122.] The Court agrees that dismissal is warranted based on a failure to exhaust.

> A. Prison Litigation Reform Act

The PLRA requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint). Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The PLRA requires only that prisoners exhaust available remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). The Tenth Circuit interprets this provision to mean that if an administrative remedy is not available, an inmate cannot be required to exhaust it. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). A remedy is "available" under the PLRA

---

[3] Defendants base their exhaustion arguments on Plaintiff's pleading and its incorporated attachments.

8

if it affords "the possibility of some relief for the action complained of." *Booth,* 532 U.S. at 738. The Tenth Circuit has held that an administrative remedy is not "available" under the PLRA if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones,* 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (a prison official's failure to respond to a grievance within prescribed time limit renders an administrative remedy unavailable). Based on this principle, the Court must "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

Although failure to exhaust is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), "district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda*, 478 F.3d at 1225 (internal citations omitted).

B.    Analysis

The Bureau of Prisons ("BOP") provides a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10, *et seq.* The first tier requires informal resolution with prison staff, which the prisoner requests with a form commonly known as a BP-8.  *See* 28 C.F.R. § 542.13(a). A prisoner must obtain this form from his correctional counselor. The regulations allow the prisoner 20 days from the date of the incident to complete the informal resolution and file a formal Request for Administrative Remedy, if necessary. *See* 28 C.F.R. § 542.14. The prisoner must then submit the formal inquiry, known as a BP-9 request, to the warden at the institution where

9

the prisoner is incarcerated. *Id.* If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request, within 20 days of the warden's dated response. *See* 28 C.F.R. § 542.15(a). Finally, the prisoner may file a Central Office Administrative Remedy Appeal, known as a BP-11 request, with the BOP's Office of General Counsel within 30 days of the Regional Office's denial. *Id.* At any level, an official's failure to respond within the time allotted constitutes a denial of the request or appeal. 28 C.F.R. § 542.18.

There are special exceptions to the initial filing of a remedy request at the institutional level, wherein an inmate may submit a sensitive request directly to the Regional Director. *See* 28 C.F.R. § 542.14(d). If, however, the Regional Director does not agree the remedy is sensitive, it will be denied and the inmate can pursue the remedy through the standard process. *Id.* In such a case, the final step is still filing a BP-11 with the General Counsel. 28 C.F.R. § 542.15(a).

In the Fourth Complaint, Plaintiff candidly acknowledges that he did not exhaust his administrative remedies. [ECF. #118 at p.19.] In explanation, he states that he "sent an emergency sensitive (BP-10) grievance to the Regional Director on 12-14-16." [*Id.* at p.21.] Because he did not receive a response from the Regional Director, Plaintiff alleges he could not file an appeal to the General Counsel's office because prison officials denied him a BP-11 form. [*Id.* at pp.24-25.] Plaintiff attached a copy of the sensitive grievance to his Fourth Complaint. [ECF. #119 at p.7.] *Indus. Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 964–65 (10th Cir. 1994) (exhibits attached to a

complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss).

In this grievance, Plaintiff describes Defendant Fernandez's threat to "smash" him, as well as the pepper spray and alleged sexual assault incidents. [ECF. #119 at p.7.] Notably missing, however, are any allegations regarding the Defendants' taunts encouraging Plaintiff to hang himself. The Court has reviewed the documents incorporated into the Fourth Complaint; there is no mention of the taunts in any of these papers. [*See generally* ECF. #119.]

In his Response, Plaintiff states in passing that he did mention the taunts to the "SIS (in person) during the PREA investigation." [ECF. #129 at p.5.] However, even accepting this as true, the Court would still be forced to conclude that Plaintiff failed to exhaust his administrative remedies with respect to these claims. A plaintiff's "decision to follow alternative informal methods of complaining to prison staff and officials (*i.e.*, his purported letters to the OIG, the SIS, and the Warden and verbal complaints to various staff) does not render the BOP's administrative remedies unavailable and does not constitute a basis for exhaustion." *Peeples v. Del Campo*, No. 13-cv-02442-MSK-MJW, 2014 WL 4380116, at *7 (D. Colo. Sept. 4, 2014). Consequently, based on the face of the Fourth Complaint and its incorporated attachments, the Court concludes that Plaintiff failed to exhaust his administrative remedies with respect to Claims Two, Three, and Six, and recommends that they be dismissed without prejudice. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (dismissal of unexhausted claims on summary judgment should be without prejudice).

With respect to his pepper spray claims (Claims One and Four), Defendants contend that Plaintiff was not permitted to file a sensitive or emergency grievance because such grievances are limited to allegations of sexual abuse. [ECF. #122 at p.17.] As a preliminary matter, the Court is not persuaded that invoking the sensitive grievance procedure is limited solely to allegations of sexual assault. The pertinent regulation states: "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). Although allegations of sexual assault could certainly constitute a sensitive issue, nothing in this regulation or the applicable program statement limits the definition of "sensitive" to issues of sexual assault. If the regulation was intended to be construed in the fashion suggested by Defendants, it could easily be stated in those terms. Moreover, if the definition were as limited as Defendants' contend, then it would seemingly render the separate provision which governs the administrative remedy process related to sexually abusive behavior, superfluous. *See* 28 C.F.R. § 115.52 (exhaustion of administrative remedies for grievances regarding sexual abuse). Finally, the implementing instructions providing "Criteria for Rejection" of sensitive remedies states that sensitive or problematic issues may include "medical treatment, sentence computation, or staff misconduct." BOP Program Statement 1330.18 (11)(3).

Nevertheless, even concluding that sensitive grievances may encompass more than allegations of sexual assault, the Court still concludes that Plaintiff failed to exhaust his pepper spray claims. Although the putative "sensitive" grievance included allegations regarding the pepper spray incident, the Fourth Complaint is clear that Plaintiff also sent

a letter to the Disciplinary Hearing Officer about the pepper spray incident. [ECF. #119 at p.5]. He apparently also sent a letter to Special Investigative Services about being pepper sprayed. [*Id.*] Implicit in Plaintiff's acknowledgement that he sent these letters to other parties regarding the pepper spray incident is an admission that the issue does not qualify as "sensitive" at the local institutional level within the meaning of § 542.14. This is because "sensitive" matters are defined as those which would place an "inmate's safety or well-being . . . in danger if the [issue] became known at the institution." 28 C.F.R. § 542.14(d)(1). Plaintiff's actions in informing other parties of the incident belie the purported sensitivity of the pepper spray incident. Because Plaintiff did not treat the pepper spray issue as "sensitive" within the meaning of the policy statement and regulations, the Court concludes he should not be excused from filing a BP-9 at the local institutional level in order to properly exhaust his remedies. Plaintiff admits he attempted to bypass the normal administrative procedures [ECF # 118 at p.19.]; consequently, the Court also recommends that Claims One and Four be dismissed without prejudice.

II.   **Defendant Fox's Motion to Dismiss [ECF. #123]**

Defendant Fox contends the claim against him should be dismissed because Plaintiff lacks standing to seek injunctive relief.[4] He further argues that Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief can be

---

[4] Because the Court concludes this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Court does not address Defendant Fox's jurisdictional arguments pursuant to Fed. R. Civ. P. 12(b)(1).

granted.[5] [ECF. #123.] The Court agrees that the Fourth Complaint conclusively shows Plaintiff failed to exhaust his administrative remedies for this claim.

In Claim Five, Plaintiff seeks injunctive relief against Warden Jack Fox based on the Warden's alleged failure to control and discipline his employees. [ECF. #118 at p.17.] Even still, Plaintiff makes the conclusory assertion that he "cannot file a grievance over the Wardens' failure to discipline their officers/employees," but contends he should nevertheless be allowed to pursue this "related" claim. Plaintiff's argument is not well taken.[6]

The PLRA exhaustion requirements are "mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings . . . exhaustion is a prerequisite to suit." *Id.* at 524 (citing *Booth*, 532 U.S. at 741). "[O]ne of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take

---

[5] In both Motions, Defendants argue that because Plaintiff proceeds *in forma pauperis*, the Court was required to rescreen Plaintiff's Fourth Complaint pursuant to 28 U.S.C. § 1915A(a) and (b) before requiring them to respond. [ECF. #122 at p.13 n.5; ECF. #123 at p.13 n.7.] The Court notes that Defendants did not take a position on Plaintiff's motion to file a fourth amended complaint, and instead stated that they would answer or respond to the Fourth Complaint if it was deemed operative. [ECF. #111 at pp.1-2.] The Court finds Defendants' arguments over any re-screening of the Fourth Complaint mooted by the Motions and the recommendations herein.

[6] Plaintiff specifically states he did not exhaust his administrative remedies, but then spends over six pages describing his exhaustion efforts. [ECF. #118 at pp.19-25.] According to Plaintiff, the only grievance he filed was the aforementioned "sensitive" grievance.

some corrective action that would preclude litigation." *Beaudry*, 331 F.3d at 1167 (citing *Booth*, 532 U.S. at 737).

In *Beaudry*, the plaintiffs sought damages stemming from the alleged violation of their rights under the Eighth Amendment and a state-based claim for tort damages. The plaintiffs, however, did not file a prison grievance because they believed that the claims put forth in their complaint were "non-grievable" under prison policy. *Id.* at 1166. The plaintiffs argued, therefore, that they had no available remedy and were not required to exhaust via the prison's grievance procedure. *Id.*

The Tenth Circuit, applying the Supreme Court's holding in *Booth*, noted that the plaintiffs had requested injunctive relief in the form of adequate weapons training for prison employees; medical attention to inmates; and decontamination of areas of the prison affected by a gassing incident. *Id.* The Tenth Circuit concluded that "[e]ven though matters involving federal and state law and regulation were 'non-grievable' under prison policy, the fact that prison authorities did have the power to render some of the relief requested by plaintiffs put [the] case squarely within the ambit of *Booth*." *Id.* at 1167. Consequently, the Tenth Circuit concluded that the plaintiffs' claims were properly dismissed for failure to exhaust. *Id.*

In this case, Plaintiff requests "injunctive" relief requiring Defendant Fox to "discipline the . . . defendants for filing false reports and lying to prison officials, as well as their misconduct and mistreatment of prisoners." [ECF. #118 at p.26.] This, like the relief sought in *Beaudry*, is the type of relief that prison administration could choose to implement in the form of corrective action in response to a prisoner grievance. Defendant Fox certainly has the power to render this type of relief (namely some form of discipline).

15

Thus, this case falls squarely within the requirements of the PLRA. The Court finds Plaintiff was required to exhaust his administrative remedies before bringing this claim, and recommends dismissing this claim without prejudice. *See Beaudry*, 331 F.3d at 1167 (plaintiffs were required to exhaust even though matters involving federal and state law and regulations were "non-grievable"); *see also Riordan v. County of Lincoln*, 2011 WL 13291100, at *4 (D.N.M. Jan. 25, 2011) (even though the plaintiff was told that his grievances were non-grievable, he should have appealed because his requested relief — release from solitary confinement — was the type that the warden could have granted if given the opportunity).

## CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Defendants Fernandez, Behle, and Lynch's Motion to Dismiss [ECF. #122] be GRANTED pursuant to Rule 12(b)(6), and the claims against them be dismissed without prejudice. The Court further RECOMMENDS that Defendant Fox's Motion to Dismiss [ECF. #123] be GRANTED pursuant to Rule 12(b)(6), and the claim against him be dismissed without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, and waives appellate review of both factual and legal questions.** *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985); *Makin v. Colorado Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

DATED: August 21, 2018.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge